# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DELIEAH SCOTT,** | ) |
| | ) |
|         **Plaintiff,** | ) |
|   v. | ) |
| | )   **Civil Action No. 06-1646 (RMU)** |
| | )   **(ECF)** |
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
|         **Defendant.** | ) |
| | ) |

## DEFENDANT'S MOTION TO DISMISS FOR IMPROPER VENUE

Defendant, by and through its attorney, the United States Attorney for the District of Columbia, hereby moves to dismiss this case for improper venue, pursuant to Federal Rule of Civil Procedure 12(b)(3). Indeed, Plaintiff has filed the same complaint in the United States District Court for the District of Maryland, where venue is proper, thereby rendering her claim before this Court a frivolous one. This motion is accompanied by a Memorandum and a proposed Order consistent with LCvR 7(a) and (c).

                                            Respectfully submitted,

                                            /s/
                                      JEFFREY A. TAYLOR D.C. Bar#498610
                                      United States Attorney

                                            /s/
                                      RUDOLPH CONTRERAS, DC Bar #434122
                                      Assistant United States Attorney

                                            /s/
                                      MERCEDEH MOMENI
                                      Assistant United States Attorney
                                      555 4th Street, N.W.
                                      Washington, D.C. 20530
                                      (202) 305-4851

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DELIEAH SCOTT,                    )<br>                                                  )<br>                                                  )<br>              **Plaintiff,**            )<br>       v.                                      )<br>                                                  )<br>                                                  )<br>UNITED STATES OF AMERICA, )<br>                                                  )<br>              **Defendant.**          )<br>_____) | Civil Action No. 06-1646 (RMU)<br>(ECF) |

### DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES
### IN SUPPORT OF ITS MOTION TO DISMISS FOR IMPROPER VENUE

Defendant respectfully moves to dismiss this case for improper venue pursuant to 28 U.S.C. §§1346 and 1402(b) and Federal Rules of Civil Procedure 12(b)(3).

### I. BACKGROUND[1]

Plaintiff brings a one count complaint, against the United States, alleging that she suffered injuries in an automobile collision with a United States Postal Service vehicle. *See* Compl. generally. Plaintiff is a resident of Clinton, Maryland. *See* Compl.'s caption. The alleged collision took place in Clinton, Maryland on or about April 26, 2004. Compl. ¶¶ 2, 3. Plaintiff filed the instant complaint, against the United States, in the United States District Court for the District of Columbia on October 13, 2006. *See* U.S. District Court Pacer Dkt. No. 1. Plaintiff then filed the same complaint in the United States District Court for the District of Maryland on November 14, 2006. *See* Exh. 1, Maryland Complaint.

---

[1] Factual assertions set forth herein are based on the allegations in Plaintiffs' Complaint, which are assumed to be true for purposes of this motion only.

## II. ARGUMENT

### Plaintiff's Tort Claim Should be Dismissed Pursuant to Rule 12(b)(3) and 28 U.S.C. § 1402(b) for Improper Venue.

"[I]n considering a rule 12(b)(3) motion, the court accepts plaintiff's well-pled factual allegations regarding venue as true, draws all reasonable inferences from those allegations in the plaintiff's favor, and resolves any factual conflicts in the plaintiff's favor." *Darby v. Dept. of Energy*, 231 F. Supp.2d 274, 276 (D.D.C. 2002), citing *2215 Fifth St. Assocs. v. U-Haul Intl, Inc.*, 148 F. Supp.2d 50, 54 (D.D.C. 2001). However, the court need not accept as true plaintiff's legal conclusions. *U-Haul*, 148 F. Supp.2d at 54. In order to prevail on a motion to dismiss for improper venue, the defendant must present facts that will defeat plaintiff's assertion of venue. *Id*.

Plaintiff makes her claim pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, made applicable to the United States as defendant pursuant to 28 U.S.C. § 1346(b). *See* Compl. ¶ 1. Venue for the FTCA is controlled by 28 U.S.C. § 1402(b), which provides that "[a]ny civil action on a tort claim against the United States under subsection (b) of section 1346 of this title may be prosecuted only in the judicial district where plaintiff resides or wherein the act or omission complained of occurred."

Here, the District of Columbia is clearly not the proper venue for Plaintiff's tort claim. Even though Plaintiff resides in Maryland and the alleged collision took place in Maryland, she has filed the instant complaint in the District of Columbia. Compl. ¶¶ 2, 3. Accordingly, venue is proper in the District of Maryland, where Plaintiff has filed the same complaint, subsequent to filing in the District of Columbia. *See* Exh. 1. Thus, venue is not proper here. *See Zakiya v. United States*, 267 F. Supp. 2d 47, 59 (D.D.C. 2003) ("Because none of the operative events that

constitute the gravamen of plaintiff's claims took place in the District of Columbia, the Court concludes that venue in this district is improper.").

Finally, courts in this circuit must examine challenges to venue carefully to guard against the danger that a plaintiff might manufacture venue in the District of Columbia. *Trout Unlimited v. U.S. Dept. of Agriculture*, 944 F. Supp. 13, 17 (D.D.C. 1996) (citing *Cameron v. Thornburgh*, 983 F.2d 253 (D.C. Cir. 1993)).  "[A]lthough Plaintiff's choice of forum is entitled to great consideration, it is not determinative when other factors strongly militate, as they do here, in favor of transfer." *Claasen v. Brown*, Civ. No. 94-1018, 1996 WL 79490, Slip op. at *6 (D.D.C. 1996).  Venue is improper in the District of Columbia, because (1) the facts giving rise to the claim occurred in the District of Maryland, and (2) the she resides in Maryland. 28 U.S.C. § 1402(b).

### III.  CONCLUSION

Because venue is improper in the District of Columbia, this action should be dismissed.

          Respectfully submitted,

          _____/s/_____
          JEFFREY A. TAYLOR, D.C. Bar #498610
          United States Attorney


          _____/s/_____
          RUDOLPH CONTRERAS, D.C. Bar #434122
          Assistant United States Attorney


          _____/s/_____
          MERCEDEH MOMENI
          Assistant United States Attorney
          555 4th Street, N.W.
          Washington, D.C. 20530
          (202) 305-4851

Dated December 12, 2006

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of December, 2006, I caused the foregoing Motion to Dismiss for Improper Venue to be served, via first class mail, postage prepaid on:

**Allan Sosslau, Esq.**
**7307 Hanover Parkway**
**Greenbelt, MD 20770**

/s/
_____
MERCEDEH MOMENI
Assistant United States Attorney
555 4th Street, NW
Washington, DC 20530
(202) 305-4851

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DELIEAH SCOTT,                )<br>                                         )<br>          Plaintiff,              )<br>     v.                             )<br>                                         )<br>                                         )<br>UNITED STATES OF AMERICA, )<br>                                         )<br>          Defendant.           )<br>_____) | Civil Action No. 06-1646 (RMU)<br>(ECF) |

## ORDER

Upon consideration of Defendant's Motion to Dismiss for Improper Venue, and the entire record of this case, it is hereby

ORDERED that Defendant's Motion is GRANTED and Plaintiff's Complaint is DISMISSED.

Dated this _____ day of _____, 2006.

_____
RICARDO M. URBINA
United States District Judge

Copies to:

Allan Sosslau, Esq.
7307 Hanover Parkway
Greenbelt, MD 20770

and Counsel for Defendant via ECF.